IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT BEN RHOADES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 22-cv-1919-NJR |
| ) | |
| ) | |
| **ROB JEFFRIES, ANTHONY WILLS,** ) | |
| **KELLY PIERCE, DR. SUTTERER, DR.** ) | |
| **SIDDIQUI, ADA COORDINATOR** ) | |
| **JOHN DOE, and DEBBIE KNAUER,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Ben Rhoades, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Rhoades alleges several of his personal and medical items were missing after a shakedown of his cell and it took months to obtain new items.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Rhoades makes the following allegations: On August 17, 2021, Rhoades went on a medical furlough for a hearing test. Upon his return, he was placed in the prison chapel because his cellhouse was part of a shakedown (Doc. 1, p. 5). When he returned to his cell, he noted several items missing from his property to include: one hearing aid and battery for his left ear, one left eye contact lens, contact lens case, two types of contact lens solution, plastic covered pillow, brown sheets, and laundry bag (*Id*. at p. 6). His glasses were also broken. Rhoades indicates that he has medical permits for his hearing aids, contact lenses, and sunglasses (*Id*.). He filed a grievance and wrote a letter to warden Wills about the missing property (*Id*. at pp. 5, 7). Kelly Pierce responded, indicating that search records did not record any items taken from his cell on August 22, 2021, but Rhoades maintains the shakedown occurred on August 17, 2021 (*Id*. at p. 8). As a result of the missing hearing aid, contact lens, and glasses, he fell several times and suffered injuries (*Id*. at p. 9). Rhoades placed a request for new hearing aids, contact lenses, and glasses, which was approved and ordered in September 2021. He maintains it took several months to obtain the hearing aids and glasses (*Id*. at pp. 9-10).

## Discussion

Simply put, Rhoades fails to allege a constitutional violation due to the loss of his property. He alleges that property was improperly taken from his cell, but he fails to implicate any constitutional violation. He does allege that medical devices and supplies were taken, including his hearing aid, contact lens, contact case, and solution, but he fails to tie any of the defendants to the loss or the delay in obtaining replacements. Further, to

the extent that he informed Warden Wills through certified mail about his grievances and the loss of his personal items, he fails to allege that Wills violated his constitutional rights in any way. He acknowledged that he received a response to the grievances (*Id.* at p. 8), and the mishandling of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). To the extent that there was some delay in obtaining glasses or hearing aids, he fails to allege that any of the defendants caused the delay. In fact, he states that items were ordered in early September by healthcare staff. There are simply no allegations in the Complaint which support a constitutional deprivation by any of the defendants. Accordingly, his Complaint is **DISMISSED without prejudice**.

## Pending Motions

As to Rhoades's motion for counsel (Doc. 2), he states that he has written several law firms but they have not responded to his letters. He also states he has bad eyesight and limited use of his hand. But given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[1] Further, counsel is not

---

[1] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

needed at this time because the Court finds that Rhoades is capable of drafting an Amended Complaint. Although his writing may be hampered by his injury, his writing has been clear and easy to understand. Thus, his motion for counsel (Doc. 2) is **DENIED**. Rhoades may renew his request for counsel at a later date.

## Disposition

For the reasons stated above, the Complaint is **DISMISSED without prejudice**. Rhoades will have an opportunity to file a First Amended Complaint if he wishes to pursue his claims. If he chooses to do so, Rhoades must comply with the instructions and deadlines set forth below.

Rhoades is **GRANTED** leave to file a "First Amended Complaint" on or before **November 14, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such a dismissal could count as one of Rhoades's three allotted "strikes" under 28 U.S.C. § 1915(g).

Along with his current Complaint, Rhoades has filed several other cases pending before the Court. Should those cases be dismissed as frivolous, they could be counted towards his allotted "strikes" and prevent him from filing future cases without

4

prepayment of fees.[2] As such, the Court will allow Rhoades to either file a First Amended Complaint or seek to dismiss his original Complaint voluntarily by the stated deadline.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, if Rhoades chooses to file an amended pleading, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Rhoades must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. To aid Rhoades in drafting his First Amended Complaint, the Clerk of Court is **DIRECTED** to send Rhoades a Section 1983 Complaint form.

Rhoades is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). If Rhoades chooses to dismiss his case voluntarily, the Court will not collect the remaining filing fee.

Finally, Rhoades is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court

---

[2] 28 U.S.C. §1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  October 17, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**